**MANDATORY FORM PLAN (Revised 01/22/2018)**

UNITED STATES BANKRUPTCY COURT
**SOUTHERN DISTRICT OF OHIO**

In re )  Case No. **3:18-bk-33124**
**William Ronald Dotson** )
  )  Chapter 13
            Debtor(s) )  Judge **Guy R. Humphrey**

## CHAPTER 13 PLAN

### 1. NOTICES

| |
|---|
| **The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.** |
| This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure. |
| Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).<br>☐ Debtor ____ is **not eligible** for a discharge.<br>☐ Joint Debtor ____ is **not eligible** for a discharge. |
| ☐ **Initial Plan.**<br>☑ **Amended Plan.** The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1). |
| If an item is not checked, the provision will be ineffective if set out later in the Plan.<br>☑ This Plan contains nonstandard provisions in Paragraph 13.<br>☑ The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.<br>☐ The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2 and 5.4.3.<br><br>**NOTICE TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.** |

### 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ **1550.00** per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:**
  $1550.00 for November and December 2018
  $800.00 for January, February and March 2019
  $1550.00 for April 2019 through the remainder of the case

**2.2 Unsecured Percentage.**

☑ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of **5.00** % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $____. Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than ____ %. LBR 3015-1(c)(2).

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**2.3 Means Test Determination.**

[✓] **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

[ ] **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, projected length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070- 1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
| -NONE- | | |

**4. SECURED CLAIMS: TIMING REQUIREMENTS; SERVICE REQUIREMENTS**

4.1   Non-Government Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and 5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2   Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made only by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed only after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3   Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General Order 22-2.

4.4   Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or (c) completion of the Plan --at which time the lien will terminate and be released by the creditor

**5. PAYMENTS TO CREDITORS**

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims. |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims. |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other |

**MANDATORY FORM PLAN (Revised 01/22/2018)**

|  |  | Class 4 claims. |
|---|---|---|
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

## 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
| None |  |  |  |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
| None |  |  |  |

### 5.1.2 Modified Mortgages or Liens Secured by Real Property ["Cramdown/Real Property"]

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor/Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| **Nationstar Mortgage LLC dba Mr. Cooper**<br>☐ Motion<br>☑ Plan<br>☐ Claim Objection | 2361 Lakeview Drive, Bellbrook, OH 45305 | $159,750.00 | 5% | See special plan provisions |
| Name of Creditor/Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment |
| PNC<br>☐ Motion<br>☑ Plan<br>☐ Claim Objection | 2361 Lakeview Drive, Bellbrook, OH 45305 | $159,750.00 | 2% | $218.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
| **-NONE-** | | | $ | | $ |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor/Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
| **-NONE-**<br><br>Motion<br>Plan<br>Claim Objection | | | $ | % | $ |

**5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)**

If neither box is checked, then presumed to be none.
☐ **Trustee disburse**
☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount |
|---|---|---|
| **-NONE-** | | $ |

**5.1.6 Executory Contracts and Unexpired Leases**

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description |
|---|---|
| **-NONE-** | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract and unexpired lease. The Debtor may not incur debt to exercise an option to

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| -NONE- | | | $ | $ | |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| -NONE- | | | $ | $ | |

**5.1.7 Administrative Claims**

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| **Wayne P. Novick/Elizabeth M. Chinault 0030248/00767** | **Application to be filed separately** | **Counsel will file separate Application.** | **$155.00** |

**5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)**

**5.2.1 Secured Claims with No Designated Monthly Payments**

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim |
|---|---|
| NONE | |

**5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)**

☐ Trustee disburse
☐ Debtor direct pay

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage |
|---|---|---|
| -NONE- | | $ |

**5.3 CLASS 3 - PRIORITY CLAIMS**

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|  | Name of Creditor/Procedure | Property Address | |
|---|---|---|---|
| **-NONE-** | Motion  Plan | | |
|  | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | Amount of Wholly Unsecured Mortgage/Lien |
|  | $ | | $ |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|  | Name of Creditor/Procedure | Property Address | Value of Property | Exemption |
|---|---|---|---|---|
| **-NONE-** | Motion  Plan | | $  Debtor's Interest  $ | $  Statutory Basis |
|  | OTHER Liens or Mortgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided |
|  | | | $  Recorded Date | $  Effective Upon: |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor/Procedure | Property Description | Value of Property | Exemption | Amount of Security Interest to be Avoided |
|---|---|---|---|---|
| **-NONE-**  Motion  Plan | | $ | $  Statutory Basis | $  Effective Upon: |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

**MANDATORY FORM PLAN (Revised 01/22/2018)**

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property |
|---|---|---|
| -NONE- | Debtor<br>Trustee | |

**5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY**

The following claims shall not be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor |
|---|---|
| -NONE- | |

**5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR**

The following claims shall not be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount |
|---|---|
| -NONE- | |

**6. SURRENDER OF PROPERTY**

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property |
|---|---|
| -NONE- | |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of **6.25**% based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at ____% from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

**9. OTHER DUTIES OF THE DEBTOR**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

**10. INSURANCE**

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/ Contact Information |
|---|---|---|---|---|
| 2011 Ford Transit | Geico | | Full | Geico 800-841-3005 |
| 2361 Lakeview Drive Bellbrook, OH 45305 | Geico | 6034177716331 | Full | Geico 800-841-3005 |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b)

☐ Other ____

**13. NONSTANDARD PROVISIONS**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                           Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions |
|---|
| Debtor will sell the real property located at 1418 Linden Avenue, Dayton, OH 45410. He currently has a potential buyer and is negotiating the terms of the sale. Debtor will file all necessary and required applications/motions with the court to effectuate the sale of the property. The proceeds from the sale of this property will be used to pay any past due property taxes to Montgomery County Treasurer. Montgomery County Treasurer is not to be paid by the Chapter 13 Trustee. Proceeds from the sale will also be used to pay all State of Ohio Department of Taxation liens on the property. The State of Ohio Department of Taxation is not to be paid by the Chapter 13 Trustee.<br>Debtor has filed all State of Ohio tax returns. Any disputes as to the amount owed to the State of Ohio Department of Taxation shall be resolved during the claims objection process once the State of Ohio has processed the Debtor's tax returns.<br><br>Debtor has received a streamlined modification from Shellpoint Mortgage as to the property located at 2361 Lakeview Drive, Bellbrook, OH 45305. The streamlined modification requires the Debtor to make payments of $759.94 on the first of each month beginning with the January 2019 payment. The streamlined modification calls for a minimum of three payments. Shellpoint may then grant the Debtor a permanent modification. The Debtor has begun to pay the Chapter 13 plan payments, but the Chapter 13 Trustee cannot make the mortgage payments to Shellpoint until the case is confirmed. The Debtor made the January 1, 2019 payment directly to Shellpoint. The Debtor will make the February 1, 2019 and March 1, 2019 payment directly to Shellpoint Mortgage. Should Shellpoint not grant a permanent mortgage modification, then Paragraph 5.1.2 will be in effect with a monthly mortgage payment of $1054.00.<br><br>Debtor will make application for approval of the temporary modification and the permanent modification once the information is received from Shellpoint Mortgage. |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

Debtor's Attorney
**/s/ Wayne P. Novick/Elizabeth M. Chinault**
Wayne P. Novick/Elizabeth M. Chinault 0030248/00767
Date: **January 23, 2019**

Debtor
**/s/ William Ronald Dotson**
**William Ronald Dotson**
Date: **January 23, 2019**

Joint Debtor

Date:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**MANDATORY FORM PLAN (Revised 01/22/2018)**

## NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of**: 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to the United States Bankruptcy Court.

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

William R. Dotson, 2361 Lakeview Drive, Bellbrook, OH 45305
Wayne P. Novick
Jeffrey M. Kellner, Chapter 13 Trustee

and the United States trustee.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

**MANDATORY FORM PLAN (Revised 01/22/2018)**

### Certificate of Service

I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on **January 24, 2019** addressed to:

**Alltran Financial LP**
**PO Box 722929**
**Houston, TX 77272-2929**

**AT&T U-verse**
**PO box 5014**
**Carol Stream, IL 60197**

**Attorney General of Ohio**
**Collections Enforcement Attn:  BNK Staff**
**150 E. Gay St., 21st Floor**
**Columbus, OH 43215**

**Attorney General of Ohio**
**Collections Enforcement Attn:  BNK Staff**
**150 E. Gay St., 21st Floor**
**Columbus, OH 43215**

**Bank of America**
**c/o Levy & Associates**
**4645 Executive Drive**
**Columbus, OH 43220**

**Capital One**
**PO Box 30281**
**Salt Lake City, UT 84130**

**Chase Card**
**PO Box 15298**
**Wilmington, DE 19850**

**Citibank**
**Lloyd & McDaniel**
**PO Box 23200**
**Louisville, KY 40223**

**City of Dayton Utility**
**PO Box 630575**
**Cincinnati, OH 45263**

**Dayton Power & Light**
**Box 740598**
**Cincinnati, OH 45274-0598**

**First Data Global Leasing**
**PO Box 173845**
**Denver, CO 80217**

**Gatestone**
**PO Box 790113**
**Saint Louis, MO 63179**

**Greene County Treasurer**
**15 Greene St**
**PO Box 427**
**Xenia, OH 45385**

**Huntington Merchant Services**
**PO Box 17548**
**Denver, CO 80217**

**IC System**
**Attn: Bankruptcy**
**444 Highway 96 East, PO Box 64378**
**Saint Paul, MN 55164**

**IGS Energy**
**2560 Momentum Place**
**Chicago, IL 60689**

**Internal Revenue Service**

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**Insolvency, Group 1**
**550 Main St., Rm. 3525**
**Cincinnati, OH 45202**

**Internal Revenue Service**
**P.O. Box 21126**
**Philadelphia, PA 19114**

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

**Monarch Recovery**
**PO Box 986**
**Bensalem, PA 19020**

**Monarch Recovery**
**3260 Tillman Drive, Suite 75**
**Bensalem, PA 19020**

**Montgomery County Treasurer**
**451 West Third Street**
**Dayton, OH 45422**

**Nationstar Mortgage LLC dba Mr. Cooper**
**8950 Cypress Waters Blvd**
**Coppell, TX 75019**

**Nationwide Credit**
**PO Box 14581**
**Des Moines, IA 50306**

**Northstar Location Services**
**4285 Genesee St.**
**Buffalo, NY 14225**

**Ohio Bureau of Workers Compensation**
**30 W. Spring St.**
**PO Box 15567**
**Columbus, OH 43215**

**Ohio Department of Taxation**
**ATTN:  Bankruptcy Division**
**P.O. Box 530**
**Columbus, OH 43266-0030**

**Ohio Dept. of Job and Family Services**
**Collections Section**
**P.O. Box 182404**
**Columbus, OH 43218-2404**

**PNC**
**6750 Miller Road**
**Brecksville, OH 44141**

**Sandhu Law Group, LLC**
**1213 Prospect Avenue, Suite 300**
**Cleveland, OH 44115**

**PNC Bank, National Association**
**PO Box 94982**
**Cleveland, OH 44101**

**PNC Mortgage**
**3232 Newmark Drive**
**Miamisburg, OH 45342**

**Portfolio Recovery Associates, LLC**
**PO Box 41067**
**Norfolk, VA 23541**

**Prince Parker & Associates**
**PO Box 474690**
**Charlotte, NC 28247**

**Reimer Law**
**30455 Solon Road**
**Solon, OH 44139**

**State of Ohio**

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**Charles Mifsud, Special Counsel**
**6305 Emerald Parkway**
**Dublin, OH 43016**

**SYNCB/Lowes**
**PO Box 965005**
**Orlando, FL 32896**

**U.S. Attorney for the S.D. of Ohio**
**221 East 4th St**
**Suite 400**
**Cincinnati, OH 45202**

**US Attorney General**
**200 W. 2nd St.**
**Dayton, OH 45402**

**US Attorney General**
**Justice Dept.-Tax Division**
**PO Box 55**
**Washington, DC 20044**

**Vectren**
**Attn: Sharon Armstrong**
**PO Box 209**
**Evansville, IN 47702**

**Vectren**
**Attn: Sharon Armstrong**
**PO Box 209**
**Evansville, IN 47702**

**Wells Fargo Business Line**
**Po Box 29482**
**Phoenix, AZ 85072**

**William R. Dotson**
**2361 Lakeview Drive**
**Bellbrook, OH 45305**

**PNC Mortgage**
**c/o Phil Cunningham, Vice President**
**3232 Newmark Drive**
**Miamisburg, OH 45342**

**Nationastar Mortgage LLC dba Mr. Cooper**
**c/o Jesse K Bray, CEO**
**Lake Vista 4**
**800 State Highway 121**
**Lewisville, TX 75057**

Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603

Wells Fargo Bank Small Business Lending Division
PO Box 29482
MAC S4101-08C
Phoenix, AZ 85038

Bradley C. Smith
15 W. Fourth Street, Suite 100
Dayton, OH 45402

D. Anthony Sottile
Sottile & Barile
PO Box 476
Loveland, OH 45140

Page 13 of 14

**MANDATORY FORM PLAN (Revised 01/22/2018)**

Shellpoint Mortgage Servicing
c/o Jason Yates, Vice President
PO Box 10826
Greenville, SC 29603

**Shellpoint Mortgage Servicing**
**c/o Jason Yates, Vice President**
**75 Beattie Place, Suite 300**
**Greenville, SC 29601**

and (iii) by method of service as required by Bankruptcy Rule 7004 (certified mail)

**Nationastar Mortgage LLC dba Mr. Cooper**
**c/o Jesse K Bray, CEO**
**Lake Vista 4**
**800 State Highway 121**
**Lewisville, TX 75057**

**Attorney General of Ohio**
**Collections Enforcement Attn:  BNK Staff**
**150 E. Gay St., 21st Floor**
**Columbus, OH 43215**

**Ohio Department of Taxation**
**ATTN:  Bankruptcy Division**
**P.O. Box 530**
**Columbus, OH 43266-0030**

**Montgomery County Treasurer**
**451 West Third Street**
**Dayton, OH 45422**

**Montgomery County Prosecutor**
**301 W. Third Street #500**
**Dayton, OH 45402**

**PNC Mortgage**
**c/o Phil Cunningham, Vice President**
**3232 Newmark Drive**
**Miamisburg, OH 45342**

Shellpoint Mortgage Servicing
c/o Jason Yates, Vice President
PO Box 10826
Greenville, SC 29603

**Shellpoint Mortgage Servicing**
**c/o Jason Yates, Vice President**
**75 Beattie Place, Suite 300**
**Greenville, SC 29601**

/s/ Wayne P. Novick/Elizabeth M. Chinault
**Wayne P. Novick/Elizabeth M. Chinault 0030248/00767**
**2135 Miamisburg-Centerville**
**Centerville, OH 45459**
**Ph:** 937-436-2606
**Fx:** 937-436-4602
gratefullawyer2@gmail.com

Page 14 of 14